IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HUDSON KING | : | |
|    Petitioner | : | |
| v | : | Civil Action No. AMD-05-1093 |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT | : | |
| | : | |
|    Respondent | | |

...o0o...

MEMORANDUM

Petitioner, an alien ordered deported, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that he has been impermissibly detained for an unreasonably long period of time. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Now pending is respondent's motion to dismiss, alleging that petitioner's continued detention is due solely to his lack of cooperation in obtaining travel documents from Jamaican authorities. Paper No. 3. Petitioner has filed a response to the motion to dismiss and the matter is now ripe for this court's review. For the reasons that follow, the petition will be dismissed.

Petitioner, a citizen of Jamaica, entered the United States unlawfully. On October 27, 1993, petitioner was tried and convicted of the offense of importing cocaine in the Circuit Court for Baltimore City. On December 12, 1995, Petitioner was served with an order to show cause alleging that he was subject to deportation from the United States based on his criminal conviction. *See* 8 U.S.C. § 1251; *see also* Paper No. 3 at Ex. A.

A hearing was held before an immigration judge in New York on June 12, 1996. At the hearing, petitioner, through counsel, admitted that he was an alien subject to deportation. *Id*. at 7–9. The immigration judge issued an order requiring petitioner's deportation to Jamaica. As of January 1996, petitioner had been released on bond. He was taken back into custody by Immigrations and Customs

Enforcement (ICE) on October 14, 2004, in New Jersey. Paper No. 3 at Ex. B. Petitioner was transferred to Baltimore, Maryland on October 20, 2004. *Id*.

The ICE began efforts to obtain travel documents for petitioner on November 1, 2004, by sending a written request to the Jamaican Embassy. Those efforts were halted when the ICE deportation officer learned from the Jamaican consular officer that petitioner claimed to be a citizen of the United States. *Id*. In order to establish that petitioner is not a citizen of the United States, a copy of the transcript of petitioner's deportation hearing reflecting petitioner's admission that he was not a citizen of the United States, was forwarded to the Jamaican Embassy, as well as copies of the birth certificates of petitioner's children, who were born in Jamaica, and a report from Dade County, Florida, stating that there was no birth certificate on file for petitioner's birth. *Id*.

Upon review of the additional information, the Jamaican consular officer spoke with petitioner via telephone again and, again, petitioner insisted that he is a citizen of the United States. *Id*. In light of petitioner's renewed claim that he was a United States citizen, the Jamaican Embassy now requires a copy of his birth certificate as a prerequisite to issuing travel documents for his repatriation to Jamaica. The proper requests recently have been made to the Jamaican Registrar; however, the process of obtaining the birth certificate takes approximately 30 days to complete. *Id*.

Petitioner, in his response, denies ever claiming that he was a citizen of the United States. Paper No. 4. He claims he is not a threat to society, and that it is unlikely that travel documents for his removal to Jamaica will be obtained in the reasonably foreseeable future. *Id*.

The decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), governs the issue of whether an alien's detention pending removal is constitutional. In *Zadvydas*, the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to effect the alien's removal from the United States and does not permit indefinite detention. In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six

month period. After this period:

> "[o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

*Id*. at 700. The 6-month rule announced in *Zadvydas* does not require the automatic release of detainees subject to deportation. Clearly, there must be evidence, such as the lack of a repatriation agreement with the detainee's native country, that removal is unlikely. *See, e.g., Pelich v. INS*, 329 F. 3d 1057, 1060 (9th Cir. 2003) (detainee can not argue that removal is unlikely when his decision to cooperate is the controlling factor).

There is no evidence in this case that removal is unlikely to occur. Petitioner's removal to Jamaica is possible and, upon receipt of his birth certificate, is likely to occur in the near future. Respondent has presented adequate evidence to establish that in this case, the length of detention is not unreasonable and, in fact, has been caused by petitioner's actions, thwarting the efforts to obtain travel documents from the Jamaican Embassy. Where, as here, a detainee has caused the delay in his removal, his continued detention until such time as the additional documents required by his lack of cooperation are obtained, is not unreasonable. To hold otherwise in this case would be to allow petitioner to manipulate his own release.

Accordingly, by separate order, the petition for writ of habeas corpus shall be dismissed.

Filed: May 25, 2005                _____/s/_____
                                    Andre M. Davis
                                    United States District Judge